approach in *Balderas* ); *Esquivel,* 543 F.3d at 922–23 (same).

Duhaney obtained discretionary relief that allowed him to remain in the country even though he was found to be deportable based on his 1985 conviction for sale of a controlled substance. This § 212(c) waiver remains valid indefinitely, but it applies only to the basis for deportation charged in the 1986 OTSC. Under the applicable regulations, the Government was permitted to lodge new charges of removability, even based on convictions that were disclosed in his application. Duhaney's § 212(c) waiver does not extend to the ground for removability that underlies the instant order of removal.

### V.

For the foregoing reasons, we will deny the petition for review.

ed States Attorney, Johnstown, PA, for United States of America.

Douglas Sughrue, Esq., Crosby & Sughrue, Pittsburgh, PA, for Appellant.

Present: RENDELL, HARDIMAN, and GREENBERG, Circuit Judges.

### ORDER

MARJORIE O. RENDELL, Circuit Judge.

The foregoing motion to recall the mandate and for panel rehearing is hereby granted. The Court's order, filed February 24, 2010, granting summary action is hereby vacated. The Clerk will appoint new counsel under the Criminal Justice Act. After review of the record, new counsel will have the opportunity to file a response to the government's motion for summary action.

**UNITED STATES of America**

v.

**Clifford B. WILLIAMS, Appellant.**

No. 09–1020.

United States Court of Appeals, Third Circuit.

Sept. 29, 2010.

Donovan J. Cocas, Esq., Office of the United States Attorney, Pittsburgh, PA, John J. Valkovci, Jr., Esq., Office of Unit-

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rafael GONZALEZ–RODRIGUEZ, Defendant–Appellant.**

No. 09–40889.

United States Court of Appeals, Fifth Circuit.

Sept. 21, 2010.